UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                  Case No. 21-20063

V.

                                  Hon. Laurie J. Michelson

KATELYN JONES,

      Defendant.

_____/

**STIPULATION AND ORDER TO CONTINUE THE
MOTION CUT-OFF, THE PLEA CUT-OFF,
AND TRIAL, AND DETERMINATION OF EXCLUDABLE DELAY**

The parties stipulate to continue the following deadlines: the motion cut-off date to June 1, 2021; the plea cut-off date and final pretrial conference to June 21, 2021; the deadline for submitting trial documents (witness lists, proposed voir dire, joint summary of the case, proposed joint jury instructions, verdict form, and trial briefs) to June 28, 2021; the deadline for filing motions *in limine* to June 28, 2021; and the trial date to July 6, 2021. The parties further stipulate, and jointly move for the Court to find, that the time period between April 5, 2021 and July 6, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. Subsequently, Governor Whitmer has issued executive orders continuing the state of emergency, the most recent of which was issued on June 18, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities. The Governor's executive orders require all individuals to "follow social distancing measures recommended by the Centers for Disease Control and Prevention" and "[w]ear a face covering over his or her nose and mouth . . . when in any enclosed public space."

- In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern

District of Michigan in all criminal (and civil) cases and matters. *See*

Administrative Order 20-AO-021. This Order also reflected the fact that the

court cannot properly secure the presence of sufficient jurors and grand

jurors in the courthouse without jeopardizing the health and safety of the

prospective jurors, as well as the health and safety of court personnel. This

Order further reflected the reality that the court staff, the Court Security

Officers, and the Marshals Service could not operate or provide access to in-

court proceedings without jeopardizing their health and safety.

- On July 2, 2020, this court superseded Administrative Order 20-AO-021

  with Administrative Order 20-AO-38, which notes that "[j]ury trials during

  the pandemic present unique challenges." The continuing need for the social

  distancing mandated by Governor Whitmer's executive orders makes

  impracticable if not impossible activities necessary for the conduct of trials,

  such as the gathering of large jury venire pools, the voir dire process, and the

  seating of jurors in a jury box. Administrative Order 20-AO-38 also

  recognizes that "[c]onventional courtroom layouts do not allow jury trial

  participants to adhere to the necessary precautions to reduce the possibility

  of exposure to the disease." Likewise, social distancing and the wearing of

  facemasks impose significant barriers to effective communication both

before and during trials between defendants and defense counsel, among

members of the prosecution team, and between attorneys and witnesses.

- Administrative Order 20-AO-38 also states:

> Jury trials will not resume until the following can be
> accomplished:
>
>   - screening can be commenced on potential jurors to
>     minimize the chance of an infected individual entering
>     the courthouse;
>
>   - courtrooms and jury gathering spaces can be modified to
>     comply with physical distancing and safety requirements;
>     [and]
>
>   - prospective jurors and sworn jurors can be provided with
>     personal protective equipment (e.g., face masks, gloves,
>     possibly face shields) where necessary.

- To date, these conditions have not been achieved, and it is unclear at this

  time when they will be.  Thus, as of now, no criminal trials are scheduled to

  take place in the Eastern District of Michigan.

- On July 21, 2020, this court issued Administrative Order 20-AO-39, which

  explicitly found, after considering current conditions in the state of

  Michigan, that "proceeding with a jury trial at this time would be

  impossible, or result in a miscarriage of justice." Having made further

  generally applicable findings relating to the ability of counsel to prepare and

  the court's ability to safely convene juries and bring counsel and court staff

into courtrooms, the court concluded this AO by excluding delay under 18

U.S.C. § 3161(h)(7)(A) from July 2, 2020, until further order of the court.

- As a result, the failure to grant a continuance could lead to the dismissal of

  charges and thereby make a continuation of the proceeding impossible and

  result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- Although the court has issued a blanket determination of excludable delay

  for Speedy Trial purposes in 20-AO-39, the parties submit these additional

  case-specific reasons to supplement the reasons relied upon by the court in

  issuing that order, and request this Court to make case-specific findings

  supporting a determination of excludable delay.

- The substantial impediment to effective trial preparation caused by the

  pandemic supports an ends-of-justice continuance of the trial in this case.

  These case-specific reasons include the inability of counsel for the defendant

  and for the government to adequately prepare for trial. Due to the severe

  restrictions imposed on movement, meetings, and travel recommended by

  public health officials and required under Executive Orders, neither defense

  counsel nor counsel for the government are able to effectively review the

  discovery materials and prepare for trial. For example, most jail facilities

  have imposed severe restrictions on visitation and have imposed internal

  restrictions as well. As a result, for any detained defendant, there is little or

no ability to meet with counsel to review the case for at least the next month.

Counsel also have limited ability to access materials, visit and interview

witnesses (including, if appropriate, expert witnesses), meet with

government counsel, and review discovery materials in the custody of the

government. Counsel for the government are similarly limited in their ability

to meet with agents and witnesses, as well as to access material stored at

government facilities. Further, counsel, U.S. Attorney's Office personnel,

and victim-witness specialists have been encouraged to telework and

minimize personal contact to the greatest extent possible. Trial preparation

necessarily involves close contact with colleagues, witnesses, and others.

- Discovery in this case is voluminous and includes cellphone records.

    COVID-19-related office closures have delayed the parties' service and

    review of this discovery material.

- As of March 2021, defense counsel has indicated that additional time is

    necessary to review discovery with the defendant and discuss strategy.

- As a result, failure to grant this continuance would unreasonably deny

    counsel for the defendant and the attorney for the government the reasonable

    time necessary for effective preparation, taking into account the exercise of

    due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to

    recognize that it would be unreasonable to expect adequate preparation for

the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. §

3161(h)(7)(B)(ii).

- This continuance is warranted under the specific circumstances of this case,

    and such continuances are permitted under the law of this Circuit. *See, e.g.,*

    *United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012); *United*

    *States v. Sabino*, 274 F.3d 1053, 1064-65 (6th Cir. 2001), *amended in part*

    *on other grounds*, 307 F.3d 446 (2002). This continuance is also in

    accordance with the Speedy Trial Act Plan of this District. *See* E.D. Mich.

    STA Plan ¶ 7(d)(3) (when continuance is open-ended, parties must "inform

    the court promptly when and if the circumstances that justify the

    continuance no longer exist" and must "file periodic reports").

The parties therefore request that the Court grant a continuance of the trial date,

the plea cut-off date, and the motion cut-off date, and further find that the delay

caused by this continuance should be deemed excludable time under 18 U.S.C.

§ 3161(h)(7)(A) because the ends of justice served by the granting of this

continuance outweigh the best interests of the public and the defendant in a speedy

trial.

IT IS SO STIPULATED.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

| *s/Diane N. Princ* | *s/Nancy McGunn* (with consent) |
|---|---|
| Diane N. Princ | Nancy McGunn |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 613 Abbott Street, Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Diane.Princ@usdoj.gov | Nancy_Mcgunn@fd.org |
| (313) 226-9524 | (313) 967-5846 |

Date: March 15, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                  Case No. 21-cr-20063

v.

                                  Hon. Laurie J. Michelson

KATELYN JONES,

      Defendant.

_____/

**ORDER CONTINUING THE
MOTION CUT-OFF, THE PLEA CUT-OFF, AND
TRIAL AND DETERMINATION OF EXCLUDABLE DELAY**

The Court has considered the parties' stipulation and joint motion to continue the trial, the plea cut-off date and the motion cut-off date and for a finding that the time period from March 15, 2021, to the trial date, July 6, 2021, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from March 15, 2021, to the trial date, July 6, 2021, qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.

- The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.

- As a result, failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

2

- Discovery in this case is voluminous and includes cellphone records. COVID-19-related office closures have delayed the parties' service and review of this discovery material.

- As of March 2021, defense counsel has indicated that additional time is necessary to review discovery with the defendant and discuss strategy.

**IT IS THEREFORE ORDERED** that the time from March 15, 2021, to the trial date, July 6, 2021, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS FURTHER ORDERED** that motion cut-off date is June 1, 2021; the plea cut-off date and final pretrial conference is June 21, 2021 at 11:00 a.m.; the deadline for submitting trial documents (witness lists, proposed voir dire, joint summary of the case, proposed joint jury instructions, verdict form, and trial briefs) is June 28, 2021; the deadline for filing motions *in limine* is June 28, 2021; and the trial date is July 6, 2021 at 8:30 a.m.

**IT IS SO ORDERED**.

Dated: March 15, 2021

                                   s/Laurie J. Michelson
                                   LAURIE J. MICHELSON
                                   UNITED STATES DISTRICT JUDGE

3